## HILL *v.* SMITH.[1]

*(Circuit Court, E. D. Pennsylvania.* November 11, 1887.)

COSTS—REFERENCE—MASTER'S FEES—KNOWLEDGE OF PARTY.

The costs of a reference to a master, to ascertain the damages resulting from an infringement of a patent, will be put upon the complainant when damages are refused, if the complainant knew, or could have known, all that was brought out by the reference, and the respondent has done nothing that would deceive the complainant, nor concealed facts.

In Equity. *Sur* exceptions to master's report.

This reference grew out of a decree which had been entered in a suit brought by the complainant against the respondent for infringement of the second claim of letters patent No. 130,853 for improvement in hog-rings, (see 27 Fed. Rep. 560.) Complainant then had the case referred to a master, to assess the damages, who made a report in which he refused damages to the complainant, and put the costs of the reference upon the respondent. To this finding of the master respondent excepted.

*Morgan & Lewis* and *W. C. Johns,* for complainant.

*R. O. Moon* and *E. P. Bliss,* for respondent.

BUTLER, J. The complainant should have costs to date of the decree, entered April 30, 1886. To that point of time he was successful. The costs subsequently created, arose from the prosecution of his claim to damages. In making this claim he was unsuccessful. In view of the circumstances, he should bear the costs created by pressing it. The result shows that they were unnecessarily incurred. If he had been deceived or misled, or by other means induced by the respondent to set up and prosecute the claim, a different view might, and no doubt would, be entertained. The complainant knew, however, or might have known, before entering upon the subject, all he knows now. He took the chances, and he must bear the consequences.

The second exception (to the proposed decree) is for these reasons sustained. The others are dismissed.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.